FLOYD H. KINYOUN, APPELLEE, V. WILLIAM F. REINSH, APPELLANT.

289 N. W. 382

FILED DECEMBER 20, 1939. No. 30712.

*Lawrence Fredericksen,* for appellant.

*Fred N. Hellner* and *G. H. Seig, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

ROSE, J.

This proceeding was begun in the district court for Douglas county to revive a dormant judgment of the municipal court of Omaha, wherein it was found and adjudged that William F. Reinsh, defendant, owed Floyd H. Kinyoun, plaintiff, $165.75 for necessaries of life. The judgment was entered December 1, 1930, and a transcript thereof was filed in the office of the clerk of the district court for Douglas county October 18, 1938. A conditional order of revivor was made by the district court and served on defendant December 6, 1938. Defendant made a special appearance and objected to a revivor on the ground that the judgment was void because the municipal court was without jurisdiction to pronounce it for the reason there was no service of summons or of other process on him or appearance by him.

After evidence was adduced by plaintiff on his application for revivor and by defendant on his special appearance and objections, the district court found that the judgment was unpaid and that no sufficient cause was shown why it should not be revived. The special appearance and objections were overruled and the judgment revived January 27, 1939, which then with interest amounted to $260.48. Defendant appealed.

On appeal it is argued by defendant that the judgment of the municipal court is void and therefore not subject to revivor. Want of jurisdiction is urged as a fatal defect. The return of the constable to whom the summons was delivered for service recited:

"On Nov. 22, 1930, I received the writ, and on Nov. 28, 1930, served by leaving a certified copy of this writ and all endorsements hereon to the within named William F. Reinsh at his usual place of residence, 2116 Cass St., the defendant, in the city of Omaha, in Douglas county, Nebraska."

The sum of the defense to the application for revivor is that 2116 Cass street, Omaha, was not defendant's usual place of residence November 28, 1930, nor at any other time. At the hearing on the issue of residence, defendant contradicted the return and any other evidence tending to sustain it and presented affidavits and produced oral testimony of witnesses to prove he never resided at 2116 Cass street, the residence of his son. It is evident, nevertheless, that the constable left a certified copy of the summons for defendant at 2116 Cass street, which was the residence of his son. The copy necessarily disclosed the date to appear in court and the amount and nature of the claim—$150 with interest "for medical and surgical services performed."

Plaintiff testified that, two or three days after the copy of the summons had been left for defendant at 2116 Cass street, the latter came to the office of plaintiff with the summons in his hand and said "that was a pretty shabby way for one lodge member to treat another," and that he could not pay the bill. Plaintiff testified further that defendant

made no objections to the bill and never paid it. This testimony in connection with the return of the constable is sufficient to sustain the judgment of revivor. The possession of the copy of the summons left by the constable at the residence of the defendant's son, and the upbraiding of plaintiff for bringing the suit, show that defendant had all the notice that could have been imparted to him by a copy of the summons, and is evidence sufficient in a revivor action for the court to find, together with the officer's return, that 2116 Cass street had been in fact his usual place of residence. In this view of the evidence, there is no error in the revivor. Having reached this conclusion, appeals from subsequent judicial orders enforcing the revived judgment are wholly without merit.

AFFIRMED.